IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MELVIN PITTS | : | NO. 07-211-1 |

MEMORANDUM

Bartle, J.                                          November 12, 2025

        Before the Court is the motion of defendant Melvin
Pitts to correct his sentence under 28 U.S.C. § 2255.

        Defendant was found guilty by a jury of one count of
conspiracy to interfere with interstate commerce by robbery (18
U.S.C. § 1951), one count of interference with interstate
commerce by robbery (18 U.S.C. § 1951), and one count of
carrying a firearm during and in relation to a crime of violence
(18 U.S.C. § 924(c)(1)).  He was sentenced to 63 months on Count
I, 63 months on Count II, and 84 months on Count III, all to run
consecutively, for a total sentence of 210 months to be followed
by five years of supervised release.  Defendant had participated
in a robbery at gunpoint at the Tropicana Lounge in
Philadelphia.  Money and other items were taken.  Defendant's
conviction and sentence were affirmed on appeal.

        The defendant seeks to have his conviction and
sentence on Count III under 18 U.S.C. § 924(c)(1) vacated on the
ground that his Hobbs Act robbery conviction on Count II was not

a crime of violence.  If the Hobbs Act robbery does not qualify as a crime of violence, defendant is not a career offender since he would not have two prior convictions that qualify as predicate offenses under § 4B1.2(a) of the Advisory Sentencing Guidelines.

The defendant's argument fails.  Our Court of Appeals in United States v. Stoney, 62 F.4th 108 (3d Cir. 2023) held that Hobbs Act robbery under 18 U.S.C. § 1951 is a predicate § 924(c) crime of violence.  Under the Guidelines, defendant is a career offender.

The motion of defendant to correct his sentence under 28 U.S.C. § 2255 will be denied.